IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | | |
|---|---|---|
| KEVIN SMITH, | : | |
| | : | |
| Plaintiff, | : | CASE NO: 4:07-cv-00500-JAJ-CFB |
| | : | |
| vs. | : | |
| | : | |
| AMERICAN SIDING and WINDOW | : | REPORT AND RECOMMENDATION |
| SERVICES, INC.; et al., | : | AS TO CORPORATE DEFENDANTS |
| | : | |
| Defendants. | : | |

This matter comes before the Court on Plaintiff's Status Report (Clerk's No. 26) which was filed following the Court's Order setting deadlines (Clerk's No. 25). Based upon a review of the file, the Court ORDERS:

1. This case is set for Jury Trial on January 11, 2010 and Final Pretrial Conference at 10:00 a.m. on January 5, 2010, at the U.S. Courthouse in Des Moines, Iowa.

2. In the Order granting defense counsel's Motion to Withdraw (Clerk's No. 20) entered July 13, 2009, the corporate defendants were ordered to make arrangements for representation by August 7, 2009. No appearance has been filed for the corporate defendants.

3. Defendant Colleen Pagano, who was sued in her individual and official capacity, has filed a Notice of Filing Bankruptcy (Clerk's No. 21).

4. Patrick Pagano, who was sued in his individual and official capacity, requested an extension of time to secure counsel, and was granted until September 1, 2009, to do so. He filed a Status Report on August 28, 2009, requesting additional time to secure counsel (Clerk's No. 24). No appearance has been filed; Patrick Pagano shall proceed *pro se*. If he secures counsel at a later date, counsel can file an appearance at that time.

5. Defendant Michael Pagano was sued in his individual and official capacity. No one has entered an appearance on his behalf, nor has he requested an extension of time; he shall proceed *pro se*.

IT IS RESPECTFULLY RECOMMENDED that pursuant to Fed. Rls. Civ. P. 16 and 37, a default judgment should be entered against Defendants American Home Improvement Leasing,

Inc., American Siding and Window Services, Inc., and American Builders Supply for failure to comply with the pretrial order to arrange for counsel.

IT IS ORDERED that the parties have until October 15, 2009, to file written objections pursuant to 28 U.S.C. § 636(b)(1), unless an extension of time for good cause is obtained. *Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990); *Wade for Robinson v. Callahan*, 976 F. Supp. 1269, 1276 (E.D. Mo. 1997). The Court will freely grant such extensions. Any objections filed must identify the specific portion of the Report and Recommendation and relevant portions of the record to which the objections are made and must set forth the basis for such objections. *See* Fed. R. Civ. P. 72; *Thompson*, 897 F.2d at 357. Failure to timely file objections may constitute a waiver of a party's right to appeal questions of fact. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Griffini v. Mitchell*, 31 F.3d 690, 692 (8th Cir. 1994); *Halpin v. Shalala*, 999 F.2d 342, 345 & n.1, 346 (8th Cir. 1993); *Thompson*, 897 F.2d at 357.

IT IS SO ORDERED.

Dated this 2nd day of October, 2009.

_____
CELESTE F. BREMER
UNITED STATES MAGISTRATE JUDGE