IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | | |
|---|---|---|
| KEVIN SMITH, | ) | |
| | ) | |
| Plaintiff, | ) | CASE NO: 4:07-cv-00500-JAJ-CFB |
| | ) | |
| vs. | ) | |
| | ) | |
| AMERICAN SIDING and WINDOW SERVICES, INC.; AMERICAN HOME IMPROVEMENT LENDING, INC. a/k/a AMERICAN FUNDING CORPORATION; AMERICAN BUILDERS SUPPLY; COLLEEN PAGANO, individually and in her official capacity; MICHAEL J. PAGANO, individually and in his official capacity; and PATRICK PAGANO, individually and in his official capacity, | ) ) ) ) ) ) ) ) ) ) ) | REPORT AND RECOMMENDATION AS TO DAMAGES FOR DEFAULT JUDGMENT |
| Defendants. | ) | |

This matter is before the Court by the Order filed November 17, 2009 (Clerk's No. 30) entering default judgment against the corporate defendants, American Siding and Window Services, Inc., American Home Improvement Lending, Inc., and American Builders Supply. Plaintiff, Kevin Smith, alleges that Defendants violated the Fair Labor Standards Act of 1938 (FLSA), as amended, 29 U.S.C. §§ 201-219, by failing to compensate Smith for work in excess of the amount allowed under federal law, in violation of 29 U.S.C. § 207, and by retaliating against him for filing this lawsuit, in violation of 29 U.S.C. § 215(a)(3). Smith seeks money damages, including liquidated damages, and he requests attorney fees and costs.[1]

---

[1] Smith also alleged that Defendants' actions violated Iowa's Wage Payment Collection Act, Iowa Code Chapter 91A, and that Defendants were liable under state law for the tort of wrongful discharge in violation of public policy. In his Brief on Damages for Default Judgment, however, Smith requested damages only under the FLSA, and at the hearing on December 17, 2009, Smith's attorney stated that Smith sought damages only under the FLSA and not under Iowa law. Accordingly, the Court analyzes Smith's claims under the FLSA.

Plaintiff filed his Complaint on November 1, 2007; service was made on Defendants on November 8, 2007.  Attorney for Defendants American Siding and Window Services, American Home Improvement Lending, and American Builders Supply filed a Motion to Withdraw as Attorney on June 12, 2009; the Court granted that Motion on July 13, 2009.  The Court's Order granting the Motion to Withdraw stated that the corporate defendants could not proceed *pro se* and set a date of August 7, 2009, to make arrangements for substitute counsel, and to have that attorney enter an appearance in the case.  The Order further noted that failure to comply could result in a default judgment entered in favor of Plaintiff for the amount requested in his Complaint, pursuant to Federal Rules of Civil Procedure 16 and 37.  No attorney filed an appearance on behalf of the corporate defendants.  Subsequently, in its Order of November 17, 2009, the Court entered default judgment against American Siding and Window Services, American Home Improvement Lending, and American Builders Supply for failure to comply with the pretrial order to arrange for counsel.  (Clerk's No. 30.)

This matter was referred to the undersigned on November 17, 2009, for a Report and Recommendation as to the amount of the default judgment to be entered; an Order setting hearing on the amount of damages was entered November 19, 2009 (Clerk's No. 31).  On December 17, 2009, the Court held a hearing under Federal Rule of Civil Procedure 55(b)(2) to determine the amount of damages.  Attorney Pamela Walker represented Plaintiff Kevin Smith. No corporate or individual Defendant appeared at the hearing.  After carefully reviewing the evidence and file, the Court finds and recommends as follows on the issues presented.

## I. LEGAL STANDARD FOR DEFAULT JUDGMENT

Whether to grant default judgment is within a court's discretion. *Ackra Direct Mktg. Corp. v. Fingerhut Corp.*, 86 F. 3d 852, 856 (8th Cir. 1996).  When a defendant is in default under Rule 55(a), the court accepts as true the fact allegations in the complaint, except for the facts relating to the amount of damages.  *Stephenson v. El-Batrawi*, 524 F. 3d 907, 915-16 (8th Cir. 2008) (citing *Everyday Learning Corp. v. Larson*, 242 F. 3d 815, 818 (8th Cir. 2001)).

Upon default, to determine the amount that the plaintiff is entitled to recover, a court may take "evidence when necessary or by computation from facts of record," to give judgment accordingly.  *Stephenson*, 524 F.3d at 915 (quoting *Pope v. United States*, 323 U.S. 1, 12 (1944)).  "The court may conduct hearings or make referrals . . . when, to enter or effectuate

judgment, it needs to . . . determine the amount of damages." Fed.R.Civ.P. 55(b)(2)(B); *Stephenson*, 524 F.3d at 915. After determining the amount of damages, the court may enter judgment pursuant to Rule 55(b)(2). *Stephenson*, 524 F.3d at 916. The plaintiff has the burden to prove uncertain damages to a reasonable degree of certainty. *American Red Cross v. Community Blood Ctr. of the Ozarks*, 257 F.3d 859, 864 (8th Cir. 2001).

With these principles in mind, the Court turns to an examination of the claims that Smith asserts in his Second Amended Complaint (Clerk's No. 12), accepting as true the factual allegations, except for those relating to damages. In addition, the facts of this case are drawn from Plaintiff's Statement of Undisputed Facts filed with Plaintiff's Motion for Summary Judgment (Clerk's No. 28) on October 23, 2009. According to Local Rule 56(b), "the failure to respond, with appropriate citations to the appendix, to an individual statement of material fact constitutes an admission of that fact." No resistance to Plaintiff's Motion for Summary Judgment by any Defendant was filed.

## II. FINDINGS OF FACT

Smith started working for American Siding and Window Services on March 22, 2005. (Pl.'s Stmnt. Undisp. Facts at ¶ 1.) Smith initially traveled throughout several states repairing siding for customers, and later measured windows to prepare for installation of siding. *Id.* at ¶¶ 4 and 6. Smith was paid a weekly salary for a forty hour work week, though he worked an average of sixty-eight hours per week during his first year of employment and sixty hours per week during his second year of employment. *Id.* at ¶¶ 16-17, 28. When Smith requested overtime pay for his work in excess of forty hours per week, he was informed that he would not receive overtime pay because he was a salaried employee. *Id.* at ¶ 18.

Smith filed suit against Defendants to collect unpaid overtime compensation on November 1, 2007. Patrick Pagano, Vice President of Sales and Marketing for American Siding and Windows, informed Smith on December 20, 2007, that he was being investigated for irregularities with his company gas card and reimbursements for motel expenses. *Id.* at ¶ 19. Despite Smith's explanations for any discrepancies and the lack of evidence produced by Defendants of any misconduct, Defendants terminated Smith's employment on January 3, 2008. (Second Am. Compl. at 5; Pl.'s Stmnt. Undisp. Facts at ¶¶ 19-23.) Following termination, Smith received unemployment benefits and found new employment at a lower rate of pay beginning

March 31, 2008.  (Pl.'s Stmnt. Undisp. Facts at ¶¶ 30-31.)

### III.  DISCUSSION
#### A.  Plaintiff's Claim for Overtime Violations Under the FLSA

Smith alleges that Defendants violated the Fair Labor Standards Act by failing to compensate him for work in excess of forty hours per week in violation of 29 U.S.C. § 207(a)(1).  Smith alleges that during his employment with Defendants he regularly rendered services in excess of forty hours per week.  (Pl.'s Stmnt. Undisp. Facts at ¶¶ 16-17.)  Further, Defendants failed to compensate Smith for such work at the rate of not less than one and one-half times his regular rate as provided by section 7 of the FLSA. (Second Am. Compl. at 3.)

During Smith's first year of employment with Defendants, he worked an average of sixty-eight hours per week.  (Pl.'s Stmnt. Undisp. Facts at ¶ 16.)  During Smith's second year of employment with Defendants he worked an average of sixty hours per week.  *Id.* at ¶ 17.  When Smith approached his supervisors about overtime pay, he was told that he would not receive overtime compensation because he was a salaried employee.  *Id.* at ¶ 18.  The Court finds that Smith has established his claim for overtime violations under the FLSA, in that he was an hourly employee not compensated for overtime work.

Smith was paid a weekly salary for a forty hour work week.  *Id.* at ¶ 28.  Federal regulations provide that to determine the rate of overtime compensation, the weekly salary must be divided by forty.  29 C.F.R. § 778.113(a).  The resulting hourly pay is then multiplied by one and one-half.  *Id.*  Exhibit 2 attached to Plaintiff's Memorandum on Damages for Default Judgment (Clerk's No 32) contains a chart with the necessary computations for overtime pay during Smith's two years of employment.  The Court finds that this Exhibit establishes the damages to a reasonable degree of certainty.  It is respectfully recommended that Plaintiff be awarded $90,555.00 in unpaid overtime compensation under the FLSA.

#### B. Plaintiff's Claim for Retaliation Under the FLSA

Smith alleges in his Complaint that his employment with Defendants was terminated in retaliation for filing this lawsuit.  (Second Am. Compl. at 5.)

The FLSA provides that "it shall be unlawful for any person . . . to discharge or in any other manner discriminate against any employee because such employee has filed any complaint

or instituted or caused to be instituted any proceeding under or related to this chapter." 29 U.S.C. § 215(a)(3). The Act further provides that "[a]ny employer who violates the provisions of section 215(a)(3) of this title shall be liable for such legal or equitable relief as may be appropriate to effectuate the purposes of section 215(a)(3) of this title, including . . . the payment of wages lost." 29 U.S.C. § 216(b).

Approximately one and one-half months after filing this lawsuit, Smith was informed by Defendant Patrick Pagano that his employer was, for the first time during his employment, investigating him for issues relating to his use of the company gas card and reimbursement for motel expenses. (Pl.'s Stmnt. Undisp. Facts at ¶ 19.) Smith provided explanations for any discrepancies, but was nonetheless terminated on January 3, 2008. *Id.* at ¶¶ 19-23. The Court finds that the Defendants did retaliate against Smith because he filed the present lawsuit asserting a cause of action under FLSA.

Exhibit 2 attached to Plaintiff's Memorandum on Damages for Default Judgment (Clerk's No. 32) contains a chart calculating Smith's lost wages due to retaliation. This chart accounts for, and offsets his damage claim, the unemployment benefits Smith received after termination, and wages received for his new employment beginning March 31, 2008. (Ex. 2.) Due to reduction in new business, Defendants were in the process of laying off employees, although the companies still had work in Smith's department. Smith a made a claim for six months' wages after his termination, recognizing that the Defendants were closing their operations. The Court finds that this Exhibit calculates damages to a reasonable degree of certainty for retaliation, and respectfully recommends that Smith be awarded $11,326.18 in retaliation damages.

### C. Plaintiff's Claim for Liquidated Damages Under the FLSA

Smith also alleges that he is due liquidated damages pursuant to 29 U.S.C. § 216. Section 16 states,"[a]ny employer who violates the provisions of section . . . 207 of this title shall be liable to the employee . . . in the amount of their . . . unpaid overtime compensation, . . . and in an additional equal amount as liquidated damages." 29 U.S.C. § 216(b). Additionally, "[a]ny employer who violates the provisions of section 215(a)(3) of this title shall be liable for such legal or equitable relief as may be appropriate to effectuate the purposes of section 215(a)(3) of this title, including . . . the payment of wages lost and an additional equal amount as liquidated

damages." *Id.* Where, however, an employer can establish good faith and reasonable grounds for belief that his action was not a violation of the Fair Labor Standards Act, the Court has discretion to not award liquidated damages, or to award some amount less than the unpaid overtime compensation.  29 U.S.C. § 260.

Defendants were made aware of Smith's request for overtime pay.  (Pl.'s Stmnt. Undisp. Facts at ¶ 18.)  Nothing in the record indicates that Defendants made any attempt to determine the requirements of the FLSA.  Further, Defendants have made no attempt to establish good faith or reasonable grounds to believe that their actions were not a violation of the FLSA. Accordingly, the Court respectfully recommends that Smith be awarded liquidated damages in the amount of $90,555.00 for his § 207 overtime compensation claim and $11,326.18 for his § 215(a)(3) retaliation claim.

### D. Plaintiff's Claim for Attorney's Fees

Smith seeks attorney's fees and costs as provided by the FLSA, which states, "the court . . . shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."  29 U.S.C. § 216(b).  The Court respectfully recommends that Smith be awarded attorney's fees in an amount to be determined in accordance with Federal Rule of Civil Procedure 54.

## IV. RECOMMENDATION AND ORDER

IT IS RESPECTFULLY RECOMMENDED, under 28 U.S.C. § 636(b)(1), that default judgment be entered against Defendants American Siding and Window Services, Inc., American Home Improvement Lending, Inc. a/ka American Funding Corporation, and American Builders Supply jointly and severally in the total amount of $203,762.36 as follows:

    a)  $90,555.00 in unpaid overtime compensation under 29 U.S.C. § 207;

    b)  an additional $90,555.00 in liquidated damages for violation of 29 U.S.C. § 207;

    c)  $11,326.18 in retaliation damages under 29 U.S.C. § 215(a)(3); and

    d)  an additional $11,326.18 in liquidated damages for violation of 29 U.S.C. § 215(a)(3).

Additionally, Plaintiff is awarded attorney's fees and costs to be determined in accordance with Federal Rule of Civil Procedure 54.

The Court respectfully recommends that any counterclaims filed on behalf of Defendant businesses be dismissed as Defendant businesses cannot proceed *pro se* pursuant to the Order of November 17, 2009. (Clerk's No. 30.)

IT IS ORDERED that the parties have until January 8, 2010, to file written objections pursuant to 28 U.S.C. § 636(b)(1), unless an extension of time for good cause is obtained. *Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990); *Wade for Robinson v. Callahan*, 976 F. Supp. 1269, 1276 (E.D. Mo. 1997). The Court will freely grant such extensions. Any objections filed must identify the specific portion of the Report and Recommendation and relevant provisions of the record to which the objections are made and must set forth the basis for such objections. *See* Fed. R. Civ. P. 72; *Thompson*, 897 F.2d at 357. Failure to timely file objections may constitute a waiver of a party's right to appeal questions of fact. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Griffini v. Mitchell*, 31 F.3d 690, 692 (8th Cir. 1994); *Halpin v. Shalala*, 999 F.2d 342, 345 & n.1, 346 (8th Cir. 1993); *Thompson*, 897 F.2d at 357.

IT IS SO ORDERED.

Dated this 22nd day of December, 2009.

_____
CELESTE F. BREMER
UNITED STATES MAGISTRATE JUDGE